IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                      Cr. S-04-0139 DFL

    v.

SERGIO ALAN FERNANDEZ,

    Defendant.                  <u>ORDER</u>

_____/

    On October 19, 2005, defendant Sergio Alan Fernandez moved to modify his sentence under 18 U.S.C. § 3582(c)(2).  On October 31, 2005, defendant moved to vacate his sentence under 28 U.S.C. § 2255.  On December 5, 2005, defendant moved for permission to "withdraw and/or amend" the § 2255 motion.

A.   <u>Section 3852(c)(2) Motion</u>

    Defendant argues that the court must reduce his sentence because it is not "in compliance" with <u>U.S. v. Booker</u>, 543 U.S. 220 (2005), and several other recent decisions.  Defendant is incorrect.  Section 3582(c)(2) of Title 18 states that "a court

1

may not modify a term of imprisonment once it has been imposed, except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  The Supreme Court's decision in Booker is inapplicable here because it is "not a retroactively applicable guideline amendment by the Sentencing Commission." U.S. v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).  The other cases relied upon by defendant fail for the same reason.  See U.S. v. McBride, 283 F.3d 612, 616 (3d Cir. 2002).  Because defendant does not allege that the Sentencing Commission lowered the sentencing range for his sentence, the motion is DISMISSED.

B.   Section 2255 Motion

Defendant's request to amend or withdraw his pending § 2255 motion is GRANTED.  Defendant must file an amended § 2255 motion on or before January 10, 2006.  If defendant fails to file a timely amended motion, the court will consider that defendant has voluntarily withdrawn the motion and will dismiss the pending § 2255 action.

IT IS SO ORDERED.

Dated: 12/19/2005

_____
DAVID F. LEVI
United States District Judge

2